# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TONY JONES APPAREL, INC., <br> Plaintiff, <br><br> v. <br><br> INDIGO USA LLC, INDIGO USA LTD., <br> HAE KIM and JOHN DOES 1-5 <br> Defendants. | Case No. 03 C 0280 <br><br> Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

In a prior Opinion and Order, this court awarded Plaintiff Tony Jones Apparel, Inc. ("Plaintiff") its attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a), and ordered Plaintiff to submit a written submission of its attorneys' fees by July 25, 2005, and Defendants to file any objection to such submission by August 8, 2005. (Mem. Op. & Order, July 11, 2005 at 19-20.) [Dkt 54, 55.] Plaintiff submitted its petition for attorneys' fees and costs on July 25, 2005. [Dkt 58.] Defendants did not object to the amounts sought by Plaintiff. For the reasons set out below, Plaintiff's petition is allowed in part and denied in part, in that Plaintiff is entitled to $98,437.47 in attorneys' fees ($84,708.30 to the Offices of Catherine Simmons-Gill, LLC and $13,729.17 to the law firm of Pantaleoni & Weiss LLP), to be paid by Defendants. Plaintiff's request for costs is denied.

### Attorneys' Fees

Plaintiff petitioned for attorneys' fees in the total amount of $103,260.93 and submitted materials in support of its petition. The materials included an affidavit by Catherine Simmons-Gill,

-1-

the attorney primarily responsible for the legal services provided in the case, who attached invoices compiled from billing records between December 2002 and June 2005. (Pl.'s Pet., Ex. A, Simmons-Gill Aff. ¶¶ 1, 3.) Those invoices reflected work performed by Ms. Simmons-Gill, a principal of her own law firm, the Offices of Catherine Simmons-Gill, LLC, at the rate of $250 to $275 per hour; work by two attorneys at her law firm, Leon Zelechowski and Stanley Sneeringer, at the hourly rates of $250 and $125 to $150, respectively; and work by three paralegals at her firm at the hourly rates of $75, $100, and $25 to $50, respectively. (*Id.* ¶ 3.) Ms. Simmons-Gill avers that the hourly rates charged are at the lower end of the spectrum of the rates charged by attorneys in the Chicago area who specialize in trademark matters, and are reasonable, necessary and customary for the performance of similar litigation in the Chicago area. (*Id.* ¶ 9.)

Also attached to Plaintiff's petition for attorneys' fees is the Certification of Lawrence C. Weiss, the attorney responsible for Plaintiff's intellectual property matters. (Pl.'s Pet., Ex. B, Weiss Aff. ¶ 1.) Mr. Weiss attached to his Certification invoices compiled from billing records maintained by the New York law firm of Pantaleoni & Weiss LLP between December 2002 and April 2005. (*Id.* ¶¶ 1, 3; Billing Records.) Those invoices reflected work performed by Mr. Weiss at an hourly rate of $250, a rate which he avers is at the lower end of the spectrum of hourly rates charged by partners with his experience in the New York area in the intellectual property area, and substantially below the usual hourly rates charged by him when performing similar work for other clients. (*Id.* ¶¶ 3, 5.) Mr. Weiss further avers that the fees incurred were both reasonable and necessary in this case. (*Id.* ¶ 5.) The court notes that the billing invoices submitted by Mr. Weiss include fees incurred for work performed on all of Plaintiff's matters, whether or not that work pertained specifically to the instant litigation. (*Id.*, Billing Records.) Fees for work not pertaining to this litigation will not be awarded.

The court has reviewed the materials filed by Plaintiff in support of its request for attorneys' fees. Based on the materials submitted, as well as a review of the other pleadings and briefs that have been filed in this lawsuit, the court finds the hourly rates charged and the hours expended to be reasonable. Hourly rates of $275 or less do not appear to be in excess of the rates charged by other attorneys in the Chicago and New York areas performing work on intellectual property matters. *See, e.g., Microsoft Corp. v. T & S Intl. Corp.*, No. 03 C 4219, 2004 WL 407008 at *1 (N.D. Ill. Mar. 3, 2004) (Darrah, J.) (awarding attorneys' fees in Lanham Act case based on hourly rates of $265 to $450 per hour). Nor do the hourly rates of $25 to $100 charged by the paralegals working on the case seem excessive for work in the area of intellectual property law. Courts in this district have recently allowed hourly rates ranging from $50 to $126 for paralegal and law clerk work. *See, e.g., In re Amister Copyright Litig.*, No. 01 C 8933, 2003 WL 2002764 at *6 (N.D. Ill. April 15, 2003) (Aspen, J.); *Holland v. Barnhart*, No. 02 C 8398, 2004 WL 419871 at *2 (N.D. Ill. Feb. 3, 2004) (Aspen, J.); *Embry v. Barnhart*, No. 02 C 3821, 2003 WL 22478769 at *3 (N.D. Ill. Oct. 31, 2003) (Brown, M.J.).

In addition, the attorneys' time listed is not excessive in light of the tasks performed. As Plaintiff points out, the legal services consisted of, among other things, preparation and filing of a complaint, discovery (including written requests, depositions, an inspection of Defendants' premises at two locations, and a subpoena duces tecum), preparation of a motion for rule to show cause, a motion to compel discovery, a motion for partial summary judgment, and a motion in limine, preparation and negotiation of a settlement agreement, a half-day bench trial, and numerous court appearances over a two-year period. (Pl.'s Pet. ¶ 4.) Plaintiff states that those tasks were reasonable and necessary given "defendants' persistent denial of liability, persistent delay in all phases of

discovery, failure to make a settlement offer until the eve of trial, the withdrawal of a signed settlement agreement in open court and refusal to come to any settlement in this matter, and the failure to hire an experienced federal court trial attorney." (Pl.'s Pet. ¶ 5.)

The court agrees with Plaintiff's arguments, and thus concludes that Plaintiff should be awarded all of the fees it incurred between the inception of this case and the time it secured the judgment on July 11, 2005. *See Microsoft Corp.*, 2004 WL 407008 at *1 (awarding plaintiff its fees in Lanham Act case involving default judgment where attorneys submitted billing records, hourly rates, and declaration that rates charged were reasonable); *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 585-86 (E.D. Pa. 2002). However, in calculating the attorneys' fees to be awarded based on the billing records submitted by Ms. Simmons-Gill and Mr. Weiss, the court noted a discrepancy between its and Plaintiff's calculations, and therefore reduces the amount of fees allowed. Specifically, by the court's calculation, the Offices of Catherine Simmons-Gill, LLC accumulated $88,040.00 in attorneys' fees against Plaintiff, and Pantaleoni & Weiss LLP accumulated $13,729.17 in attorneys' fees against Plaintiff, for a combined total of $101,769.17.[1] Also, Ms. Simmons-Gill stated in her affidavit that she applied a 15% discount to bills issued by her office between March 2004 and January 2005. (Simmons-Gill Aff. ¶ 5; *see also id.*, Invoices 3/04-1/05 time period.)[2] However, in adding the total amount of fees accumulated during this period (and

---

[1] Possibly, the discrepancy was due to the fact that, as mentioned above, the Pantaleoni & Weiss LLP records included fees incurred for work performed on several of Plaintiff's matters, whether or not that work pertained specifically to the instant litigation. *See* Weiss Aff., Billing Records. As discussed above, this court did not, in its calculation, include any fees incurred for work performed on matters other than the instant litigation.

[2] Ms. Simmons-Gill also stated in various cover letters accompanying the monthly bills sent to the client that she was applying this 15% discount.

arriving at the total amount of $88,040.00), the court did not take into account the 15% discount offered to the client between March 2004 and January 2005. (The court instead relied solely on the total amount of fees billed "[f]or professional services rendered" each month during this period.) Thus, an additional 15% should be deducted from the amounts claimed during the billing months in which the discount was intended to be applied. Applying that 15% discount to those billing months, the court concludes that an additional $3,331.70 should be reduced from the attorneys' fees to be awarded. *See id.*, Invoices 3/04-1/05 time period.

In summary, therefore, Plaintiff is awarded a total of $98,437.47 in attorneys' fees ($84,708.30 to the Offices of Catherine Simmons-Gill, LLC, plus $13,729.17 to the firm of Pantaleoni & Weiss LLP).

### Costs

Also included in the billing invoices submitted by Ms. Simmons-Gill and Mr. Weiss are various costs incurred by Plaintiff in litigating this matter. (Simmons-Gill Aff., Billing Records; Weiss Aff., Billing Records.) Each monthly invoice lists the costs incurred during that particular month. (*Id.*) Plaintiff requests $3,021.66 in costs for items such as: photocopying, messenger, postage, facsimile, telephone, tabs and binding, taxi fares, computerized legal research, parking, federal express, and "miscellaneous." (Pl.'s Pet. at 1; Simmons-Gill Aff., Billing Records; Weiss Aff., Billing Records.)[3] Ms. Simmons-Gill and Mr. Weiss both stated that the costs incurred and charged to Plaintiff were reasonable, necessary and customary for the performance of similar litigation in the Chicago and New York areas. (Simmons-Gill Aff. ¶ 9; Weiss Aff. ¶ 5.)

---

[3] The court compiled this list through its review of the billing records submitted.

Under the Lanham Act, the term "costs of the action" as referenced in § 1117(a) is not defined. *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 370 (4th Cir. 2001); see also Terence P. Ross, *Intellectual Property Law: Damages and Remedies § 8.09 COSTS* (2004) (stating that 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d) define the full extent of a court's power to shift costs absent express statutory authority to go further, which "poses a distinct problem in intellectual property litigation since none of the statutory authorizations [such as the Lanham Act] 'go further'") (quotations omitted). The case law is clear, however, that "costs" under § 1117(a) include, at a minimum, those costs specifically enumerated in 28 U.S.C. § 1920. *See, e.g., PETA*, 263 F.3d at 370-71. The question is whether other costs besides those listed in § 1920 may be awarded. In *PETA*, the Fourth Circuit indicated that courts have the discretion to award costs besides those included in § 1920. Specifically, the Court stated:

> [T]he award of . . . costs under the Lanham Act is committed to the sound discretion of the Court, based on the equities of each particular case. . . . The district court was required to award [the plaintiff], as the prevailing party, no more than those costs required by § 1920. Any additional award of costs was within its sound discretion .
> . . .

263 F.3d at 371 (internal quotation omitted) (affirming district court's decision to limit costs to those listed in § 1920). Courts have indicated that that discretion should be used carefully. *See Somat Corp. v. Somat Corp.*, No. 90 C 4943, 1993 WL 75155 at *4 (N.D. Ill. Mar. 15, 1993) (Plunkett, J.) (stating in Lanham Act case that "when a party attempts to recover for costs not specifically listed under section 1920, the court should carefully use its discretion to determine the propriety of awarding those costs"); *Dick's Sporting Goods, Inc. v. Dick's Clothing & Sporting Goods, Inc.*, 12 F. Supp. 2d 499, 501 (D. Md. 1998) (denying various costs incurred as they did not fall into a category enumerated by § 1920 and because "the equities of th[e] case d[id] not warrant departure

-6-

from the guidelines of the statute"). Thus, the court has the discretion to award costs beyond those specifically enumerated in § 1920, and that discretion should be used carefully.

1. *Photocopying*

In reviewing the itemized costs listed at the end of each monthly invoice, the court notes that one of the cost items appearing on many of the invoices is "Photocopies." (Pl.'s Pet., Exs. A & B, Invoices.)

"Fees for exemplification and copies of papers necessarily obtained for use in the case" are expressly authorized under 28 U.S.C. § 1920. The language "for use in the case" refers to materials actually prepared for use in presenting evidence to the court. *Shah v. Village of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362 at *2 (N.D. Ill. Aug. 14, 2003) (Leinenweber, J.) (citation omitted) (stating that "photocopying charges for discovery and the court's copies of documents can be awarded, but charges for copies made solely for attorney convenience cannot") (quotation omitted). In proving that copies were necessary to the litigation and not made solely for attorney convenience, a party need not submit a "description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). It is sufficient that a party seeking recovery of photocopying costs provide a chart identifying the nature of each document copied, the number of copies of each document prepared, the number of pages in each document, the copying cost per page, and the total copying cost. *See In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1999 WL 759472 at *6 (N.D. Ill. Sept. 1, 1999) (Kocoras, J.).

Here, Plaintiff provided no such details. Neither the invoices nor the affidavits submitted with Plaintiff's petition give any information as to what types of documents were being copied, the length of the documents being copied, the numbers of copies of each document made, or the copying cost per page. Without such information, the court cannot determine whether the copying costs were "necessary to the litigation and not made solely for attorney convenience." *Shah*, 2003 WL 21961362 at *2. Moreover, Plaintiff has not provided this court with a sufficient factual basis upon which to exercise its discretion and award those costs in this case. *See PETA*, 263 F.3d at 371. Thus, Plaintiff may not recover the expenses claimed for photocopying. *See Amerisure Ins. Co. v. Roll Serv., Inc.*, No. 01 C 5292, 2003 WL 21518549 at *2 (N.D. Ill. July 2, 2003) (Darrah, J.) (disallowing costs claimed for photocopying expenses where it could not be determined from the information furnished whether the copies were reasonably necessary in the case, how many pages were copied, or whether the cost of the copies were reasonable); *Tokar v. City of Chicago*, No. 96 C 5331, 2001 WL 910385 at *1-2 (N.D. Ill. Aug. 10, 2001) (Darrah, J.) (disallowing photocopying expenses where neither the defendant nor the invoices described the number of pages copied or the cost per page of the copies, and stating that "[c]opying charges that are not discernable from the supporting documentation are not allowed").

2.  *Deposition Costs*

The monthly invoices also include several cost items described simply as "Deposition." *See* Ex. A, Invoices at 4/6/04, 3/3/04. Although costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2), there is absolutely no information about the "Deposition" costs incurred here, and, thus, the court cannot determine whether that cost item was

necessarily obtained for use in the case. *See Robinson v. City of Harvey*, No. 99 C 3696, 2004 WL 2033714 at *8 (N.D. Ill. Aug. 13, 2004) (Plunkett, J.) (disallowing certain costs where plaintiff provided inadequate explanations, precluding the court from determining the reasonableness of the costs or whether they were necessary to the litigation). Moreover, Plaintiff again has not provided this court with any factual basis upon which to exercise its discretion and award those costs in this case. *See PETA*, 263 F.3d at 371. Thus, costs claimed for "Deposition," without any further explanation as to what those costs are, are not allowed.

3. *Computerized Legal Research Expenses*

In addition, Plaintiff claims costs for expenses incurred for computerized legal research. Courts in this District have held "that costs associated with computerized legal research are not considered 'costs' but rather part of the attorney's fees award." *Stark v. PPM America, Inc.*, No. 01 C 1494, 2003 WL 21223268 at *8 (N.D. Ill. May 23, 2003) (Hibbler, J.) (citing *Haroco, Inc. v. American Natl. Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440-41 (7th Cir. 1994)). Thus, the expenses incurred by Plaintiff for computerized legal research may be awarded as part of its attorneys' fees rather than costs provided that they were reasonably incurred.

In this case, the court is unable to determine whether the computerized legal research expenses were reasonably incurred based on the materials filed by Plaintiff in support of its request for costs. For instance, it is not clear what the research entailed, or on what dates the research was performed (aside from the billing month during which it was performed). Without any explanation from Plaintiff on those issues, the court cannot conclude that the research was reasonably incurred and should be awarded as part of Plaintiff's fee award. Thus, the costs claimed for legal research

expenses are also disallowed. *See Amerisure Ins. Co.*, 2003 WL 21518549 at *2 (disallowing computerized research charges where it could not be determined from the information provided whether the expense was reasonably incurred).

*4.    Other Expenses*

As for the remaining cost items included in the monthly invoices (facsimile, telephone, federal express, taxi cab fares, parking, tabs and binding, messenger, postage, and "miscellaneous"), Plaintiff may not recover for those items, either, because those costs are not permitted under § 1920, and, again, Plaintiff has not provided the court with any factual basis upon which to exercise its discretion and award those costs in this case. *See PETA*, 263 F.3d at 371. *See also Angevine v. WaterSaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165 at *7, 9-10 (N.D. Ill. Dec. 23, 2003) (Brown, M.J.) (disallowing costs incurred for facsimile usage, telephone usage, express mail, or travel under § 1920); *Amerisure Ins. Co.*, 2003 WL 21518549 at *2 (disallowing costs incurred for parking fees as travel expenses are not recoverable as costs or listed under § 1920); *Garner v. Whitman*, 318 F. Supp. 2d 700, 703 (C.D. Ill. 2004) (same). Moreover, as mentioned previously, the invoices submitted by Plaintiff in support of its request for costs fail to give any proof explaining whether these charges were necessarily incurred. *See Robinson*, 2004 WL 2033714 at *8 (disallowing certain costs where plaintiff provided inadequate explanations, such as what was messengered and mailed, to whom and why, and why cab rides and parking were required, precluding the court from determining the reasonableness or necessity of the costs); *Santiago v. Orland Park Motor Cars, Inc.*, No. 01 C 8293, 2004 WL 434208 at *4 (N.D. Ill. Feb. 18, 2004) (Schenkier, M.J.) (disallowing costs incurred for the binding and tabbing of certain papers where the

-10-

invoice did not give any proof explaining whether those charges were necessarily incurred); *Medline Ind., Inc. v. Medline Prod. Co.*, No. 03 C 7255, 2004 WL 1921020 at *7 (N.D. Ill. July 8, 2004) (Brown, M.J.) (disallowing costs incurred for courier and postage, among other things, as the costs are not permitted under § 1920 and plaintiff did not provide a factual basis upon which to exercise its discretion and award the costs). Thus, Plaintiff's request for $3,021.66 in costs is denied.

## Conclusion

For the foregoing reasons, Plaintiff's petition for $106,282.60 in attorney's fees and costs is allowed in part and denied in part, in that Defendants are ordered to pay $98,437.47 in attorneys' fees incurred by Plaintiff ($84,708.30 to the Offices of Catherine Simmons-Gill, LLC and $13,729.17 to the law firm of Pantaleoni & Weiss LLP), but no costs.

IT IS SO ORDERED.

Geraldine Soat Brown
United States Magistrate Judge

November 16, 2005